IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURTIS CELESTINE | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-11-3538 |
| JUDGE MARTIN and JARNICE JOHNSON | * | |
| | * | |
| Defendants | | |
| | *** | |

**MEMORANDUM**

The above-captioned case was filed on December 9, 2011, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Plaintiff states he is disabled and homeless, therefore, his motion will be granted.

The complaint concerns a decision made by Judge Martin in his capacity as a judge, regarding child support payments owed by Plaintiff. ECF No. 1. Specifically, Plaintiff takes issue with Judge Martin's assessment that he voluntarily impoverished himself by attending college. Plaintiff asserts that he is collecting disability from Veteran's Affairs and was attending college in order to make himself more employable. Judge Martin was apparently unimpressed by Plaintiff's explanation, ordered him to pay past due child support payments, and denied his request to modify the payments. Plaintiff asserts that the refusal by Judge Martin to recognize his disability and to modify the support payments violated his rights as a disabled person under the Americans with Disabilities Act and his Fourteenth Amendment right to due process. The other Defendant named, Jarnice Johnson, is described by Plaintiff as the head of OSCE, but there is no explanation concerning why she should be held liable for the conduct alleged.

The complaint must be dismissed. Judge Martin is absolutely immune from suit for his conduct and decisions made in his capacity as a judge. *See Forrester v. White*, 484 U.S. 219, 226– 27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

The only allegation raised against Defendant Jarnice Johnson is that she discriminated against Plaintiff on the basis of his disability, "in violation of §202 of Title II of the Americans with Disabilities Act of 1990, 504 of the Rehabilitation Act of 1973 and Title 42 U.S. Code §1983, by failing to maintain and follow appropriate policies for treating a disable[d] person, denying [plaintiff] the opportunity to participate in and benefit from a federally funded program, services and other benefits, by denying due process and equal protection under the law and finally, emotional distress." ECF No. 1 at p. 2. There is no description of factual allegations from which a plausible federal cause of action might be gleaned. The claim against Johnson shall be dismissed without prejudice.

A separate Order follows.

December 20, 2011                                                                 /s/
                                                                        Alexander Williams, Jr.
                                                                        United States District Judge